Patrick F. Lennon
Lennon, Murphy & Phillips LLC
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
Tel: (212) 490-6050
*Attorneys for Plaintiff*
*Transocean Shipping Transportagentur GesmbH*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRANSOCEAN SHIPPING TRANSPORTAGENTUR GESMBH,<br><br>                Plaintiff,<br><br>- against -<br><br>OCEAN WORLD LINES, INC.,<br><br>                Defendant. | **COMPLAINT FOR RECOGNITION AND ENFORCEMENT OF A FOREIGN JUDMENT**<br><br>ECF |

Plaintiff, TransOcean Shipping Transportagentur GesmbH ("TOS"), by and through its attorneys, Lennon, Murphy & Phillips LLC, as and for its Complaint for Recognition and Enforcement of a Foreign Judgment herein, alleges upon information and belief as follows:

**The Parties**

1. Plaintiff TOS is a corporation organized and existing under and by virtue of the law of the Republic of Austria, with an office and place of business at Altmannsdorferstr. 89 / Top 12 1120 Vienna, Austria.

2. Among other commercial activities, TOS is engaged in business as an agent for liner shipping companies who transport goods by water and for Non-Vessel Operating Common Carriers ("NVOCC"), who are also engaged in the international transportation of goods by water.

3. Defendant Ocean World Lines, Inc. ("OWL") is a corporation organized and existing under and by virtue of the law of one the states of the United States, with a corporate headquarters at 290 Gerzevske Lane, Carol Stream, Illinois 60188-2049 and offices at other locations around the country. Upon information and belief, OWL conducts business in New York on a regular basis.

4. OWL is engaged in business as an NVOCC.

## Jurisdiction

5. This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333 because it arises out of the breach of a maritime contract.

6. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of citizenship because this matter concerns a dispute between a New York corporation and a foreign corporation for an amount in controversy exceeding the sum of $75,000, exclusive of interest and costs.

7. The Court has personal jurisdiction over Defendant OWL by virtue of its conduct in the State of New York in connection with performance under the Agency Agreement between the parties and its decision to terminate same, as well as its commencement and prosecution in this state of an arbitration to recover money allegedly due from TOS under said Agency Agreement.

## Factual Background

8. OWL had an agency relationship with TOS dating back to at least October of 2000 in which TOS acted as agent for OWL in different geographic territories including primarily Austria, Germany, Czech Republic and Hungary.

9. On July 1, 2005, OWL and TOS executed an Agency Agreement (the "Agreement") which formalized the parties' pre-existing agency relationship.

10. Pursuant to the Agreement, OWL appointed TOS as its non-exclusive agent for the territory described as Austria, Czech Republic, Hungary, Southern Germany, and Nordrhein Westfalen (the "Territory").

11. On November 30, 2012, OWL sent TOS a letter in which OWL terminated the Agreement.

12. On August 8, 2013, TOS filed a lawsuit against OWL in the Vienna Commercial Court ("VCC") to recover damages it suffered and compensation it was due as a result of OWL's termination of the Agreement, in accordance with Austria's Commercial Agency Act (Handelsvertretergesetz or HVertrG).

13. The VCC appointed a certified translator to translate into English various documents that were to be sent via the Austrian Foreign Ministry to OWL in the United States to provide formal notification of the proceedings TOS had commenced in Austria. These documents included TOS's claim, the VCC's request that OWL name a representative in Austria to whom the Court could address the delivery of relevant documents, and a statement of the Court (similar to a "Summons" in the United States) that OWL had to provide an answer to TOS' claim within four weeks.

14. On August 29, 2014, the Vienna law firm of Maxl Rechtsanwalts GmbH (now known as "Maxl & Sporn Rechtsanwalts GmbH") appeared in the VCC action and filed a Defense on OWL's behalf.

15. OWL prevailed in the litigation before the VCC and on appeal by TOS to the Vienna Higher Regional Court.

16. TOS appealed to the Austrian Supreme Court, which reversed the lower court rulings, with the result that the case went ahead on the merits in the VCC.

17. Hearings were held in the VCC on June 22, 2017, August 8, 2017, November 16, 2017 and March 12, 2018.

18. On June 29, 2019, the VCC issued its ruling on the merits in TOS' favor. Among other things, the VCC evaluated OWL's conduct against the requirements of the Commercial Agency Act/Handelsvertretergesetz and found that OWL had failed to establish a proper basis for early termination of the Agreement under Austrian law. A copy of the judgment as well as a certified English translation are attached as Exhibit A to this Petition.

19. Near the end of the Judgment, the VCC considered the compensation that was due to TOS under the Commercial Agency Act/Handelsvertretergesetz and concluded that "the entitlement to compensatory adjustment as asserted by the Plaintiff at merely EUR 250,000 is evidently reasonable." The VCC also awarded costs, which were considered in the Judgment's final paragraph.

20. OWL could have appealed the ruling of the VCC but did not do so, with the result that the Judgment became final and binding on OWL, as a matter of Austrian law.

21. Under the VCC Judgment, TOS is entitled to recover from OWL the following sums:

- EUR 250,000 principal;

- EUR 147,945.87 interest on EUR 250,000 principal at the rate of 8% above the statutory base rate under section 352 of the Commercial Code (Unternehmensgesetzbuch, UGG), commencing from January 1, 2013, which will continue to accrue at the rate of 8.58%;

- EUR 25,316.70 costs; and

- EUR 2,316.61 interest on EUR 25,316.70 costs from June 29, 2018 (date of Judgment), which will continue to accrue at the rate of 4% per annum.

**Recognition and Enforcement**

22. New York has adopted the Uniform Foreign Country Money Judgment Recognition Act ("the Act"), C.P.L.R. § 5301 *et seq.*

23. The VCC had personal jurisdiction over TOS, who appeared through Austrian counsel and defended the proceedings in that court.

24. The Judgment rendered by the VCC was the product of a system that provided for an impartial court and for procedures that were compatible with due process.

25. The Judgment rendered by the VCC in favor of TOS against OWL is final, conclusive and enforceable in the country in which it was rendered.

26. At all times TOS has remained the owner and holder of the VCC Judgment against OWL, which Judgment remains in full force and effect.

27. Under the Act, a judgment rendered by a foreign court is enforceable in New York.

28. The Act provides for the enforcement of foreign money judgments such that TOS is entitled to a judgment of this Court, in addition to interest at the statutory rate.

WHEREFORE, Plaintiff prays that:

A. Judgment be entered in its favor recognizing and confirming the Judgment rendered by the Vienna Commercial Court on June 29, 2019 and enforcing said Judgment as a judgment of this Court;

B. Judgment be entered in its favor in the amount of EUR 425,579.18 / USD $498,606.44 (as of October 2, 2020), plus additional accrued interest to the date of judgment; and

C. For such other and further or different relief as this Court may deem just and proper.

Dated: New York, NY
       October 2, 2020

    Plaintiff,
TRANSOCEAN SHIPPING
TRANSPORTAGENTUR GESMBH

By: *[signature: Patrick F. Lennon]*

Patrick F. Lennon
Keith W. Heard
LENNON, MURPHY & PHILLIPS, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
pfl@lmplaw.net
kwh@lmplaw.net